

# OFFICE OF THE ATTORNEY GENERAL OF TEXAS

## AUSTIN

GERALD C. MANN
ATTORNEY GENERAL

Honorable Joe Bailey Humphreys
County Attorney
Houston County
Crockett, Texas

Dear Sir:

Opinion No. O-2189
Re: The commissioners' court of Houston
County has the authority to order an
election to determine whether or not
horses, mules, jacks, jennets and cattle
may run at large in said county upon a
written petition of the required number
of freeholders as prescribed by statute.

Your recent request for an opinion of this department
on the question as is herein stated has been received.

We quote from your letter as follows:

"Please give your opinion upon the following
question, Did the Legislature by virtue of Art.
6954 and Art. 2 of the Final Title (known as the
repealing clause) divest the Commissioner's Court
of Houston County, Texas, of the authority to
order an election to determine whether horses,
mules, jacks, jennets etc. to run at large in said
county?

"The writer submits the following authority:
The Acts of 1925 was almost identical with the
present Art. 6954 except when the latter was enact-
ed the Legislature omitted Houston County from the
named counties. Section 2 of the final title has
the effect of repealing all laws not included or
continued in force by express provision.

"Therefore, construing the two Acts together
it appears to the writer that Art. 6954 fails to
authorize the Commissioner's Court of said county
to order such election and it is not authorized
from any other legislation."

Honorable Joe Bailey Humphreys, Page 2

Section 23, Article 16 of the State Constitution provides that:

"The Legislature may pass laws for the regulation of live stock and the protection of stock raisers in the stock raising portion of the State, and exempt from the operation of such laws other portions, sections, or counties; and shall have power to pass general and special laws for the inspection of cattle, stock and hides and for the regulation of brands; provided, that any local law thus passed shall be submitted to the freeholders of the section to be affected thereby, and approved by them, before it shall go into effect."

The constitutional power of the Legislature extends to the enactment of local option laws prohibiting the running at large of stock. The Legislature has from time to time passed such laws and has authorized elections to be held in counties and sub-divisions thereof. The first law passed authorized elections to pass on propositions prohibiting small livestock, hogs, sheep and goats from running at large. Later, in 1899, the Legislature provided for elections as to the running at large of horses, mules, jacks, jennets and cattle. Texas Jurisprudence, Vol. 39, page 354; Ex Parte Coden, 168 S. W. 539; Roberson vs. State, 63 S. W. 884; Bishop vs. State, 167 S. W. 363.

Upon written petition, the statute provides for the calling of an election for the purpose of enabling the freeholders of any county to pass upon the proposition whether hogs, sheep or goats shall be permitted to run at large; and in certain designated counties the voters are given the right to determine whether like permissions shall pertain to horses, mules, jacks, jennets and cattle. The requisite of the petition, the formalities to be observed in holding the election and the proclamation of the result, are embraced in the terms of the statute.

Article 7235, Chapter 6, Title 124, Revised Civil Statutes of Texas, 1911, authorized the Commissioners' Court of the various counties named therein to order an election for the purpose of enabling the free-holders of such counties to determine whether horses, mules, jacks, jennets and cattle

Honorable Joe Bailey Humphreys, Page 3

should be permitted to run at large in said counties. This statute was amended numerous times prior to the adoption of the Revised Civil Statutes in 1925 by the 39th Legislature. Houston County was first included in an amendment passed by the 38th Legislature in 1923 as shown by House Bill No. 689, Chapter 98 of the General Laws of said Legislature.

Senate Bill 84, Acts of the 39th Legislature, 1925, was a bill entitled "An Act to Adopt and Establish the Revised Civil Statutes of the State of Texas." Section 1 of said bill provides:

"Be it enacted by the Legislature of the State of Texas: That the following titles, chapters, subdivisions and articles shall hereafter constitute the Revised Civil Statutes of the State of Texas. . . ."

Article 6954 of the adopted Revised Civil Statutes of Texas provides for the holding of an election for the purpose of enabling the free-holders of certain counties or subdivisions to pass upon the proposition whether horses, mules, jacks, jennets and cattle shall be permitted to run at large. Article 6955 of the adopted Revised Civil Statutes of Texas provides that:

"The Counties referred to in the preceding Article are: . . . Houston . . ."

After carefully examining the enrolled bill (S. B. Bill 84, Acts of the 39th Leg., 1925) adopting and establishing the Revised Civil Statutes of Texas, it is clearly shown that Houston County was included among those counties authorized to call an election for the purpose of enabling the free-holders of said county to pass upon the proposition whether horses, mules, jacks, jennets and cattle shall be permitted to run at large. Your attention is called to Senate Bill No. 382, Chapter 104, Acts of the 39th Legislature, which was "An Act to provide for the printing, sale and distribution of the Revised Civil Statutes of 1925, the Penal Code and Code of Criminal Procedure of 1925, as passed at the Regular Session of the 39th Legislature; providing for the appointment of an experienced and able lawyer and one assistant to prepare the Volumes

Honorable Joe Bailey Humphreys, Page 4

for publication; providing for full and accurate indexing thereof; providing for omissions of laws repealed by the Regular Session of the 39th Legislature; providing for the substitution of Articles of law amended, modified or re-enacted at the Regular Session of the 39th Legislature, in lieu of such amended, modified or reenacted articles; providing for inserting therein of Acts passed at the Regular Session of the 39th Legislature, providing for proof reading and correction of typographical errors and inaccuracies found in said Revised Statutes and codes; providing for compensation of supervisor and assistant; providing for preservation of the plates with which said statutes and codes are printed; providing for printing 8,000 copies of each of the Revised Civil Statutes; Penal Code and Code of Criminal Procedure; providing for the printing of additional copies when necessary; providing for an appropriation and declaring an emergency."

Section 2 of the final title referred to in your inquiry reads as follows:

"Section 2. Repealing Clause. --

"That all Civil Statutes of a general nature, in force when the Revised Statutes take effect, and which are not included herein, or which are not hereby expressly continued in force, are hereby repealed."

The above quoted repealing clause has application to all Civil Statutes which were not included in the adopted Revised Civil Statutes or which were not expressly continued in force when the Revised Statutes took effect. And as above indicated Houston County was included among those counties authorized to call an election for the purpose of enabling the freeholders of said county to pass upon the proposition of whether horses, etc. shall be permitted to run at large and the above mentioned repealing clause does repeal said statutes as they apply to Houston County as set forth in the adopted and established Revised Civil Statutes of the State of Texas.

As it regards the omission of enactments from the Revised Statutes, it is expressly provided "that all civil statutes of a general nature, in force when the Revised Statutes take effect, and which are not included herein, or which are not hereby expressly contained in force are here-

Honorable Joe Bailey Humphreys, Page 5

by repealed." A similar provision is contained in the Acts of 1925, adopting the Penal Code and the Code of Criminal Procedure. Under these provisions, a general act or section of an act omitted from the provision or code is repealed, as is also any word or phrase that is purposely omitted unless it is contained in force or saved by some other provision. Thus, an articles of the General Statutes contained in the revision of 1911 is repealed by being omitted from the revision of 1925, or being brought forward in a changed form. American Indemnity Company vs. City of Austin, 246 S. W. 1019; Jennings vs. Texas Farm Mortgage Company, 80 S. W. (2d) 931; Southern Sales and Finance Company vs. Watterson, 34 S. W. (2d) 331; Briggs vs. Buckner, 19 S. W. (2d) 190; Taylor vs. State, 221 S. W. 611; Birow vs. Broyles, 21 S. W. (2d) 716.

Here we do not have an omission of any word or phrase of the adopted and established Revised Civil Statutes of Texas as adopted by the 39th Legislature, but on the other hand, have an omission of the word "Houston" County by the Legislature enacting these various amendments which are not part of the adopted Revised Civil Statutes.

We have been unable to find any statute that repeals the adopted Revised Civil Statutes of Texas which included and applied to Houston County with reference to the above mentioned matter. After considering the various amendments whose captions give no notice of excluding Houston County; but on the other hand, it is apparent that it was the intention of the Legislature to include another county or counties not theretofore included in Article 5954, when the various amendments were enacted.

Therefore, you are respectfully advised that it is the opinion of this department that the Commissioners' Court of Houston County has the authority to hold an election to determine whether horses, mules, etc. shall be permitted to run at large under the terms embraced in the statutes pertaining to such election.

Trusting that the foregoing fully answers your inquiry, we are

Yours very truly

ATTORNEY GENERAL OF TEXAS

By *Ardell Williams*

Ardell Williams
Assistant

AW:GO    APPROVED AUG 14 1940

FIRST ASSISTANT